# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARQUISE JONES,<br><br>　　　　　　　　　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Case No. 17-CV-933-JPS<br>Criminal Case No. 16-CR-135-2-JPS<br><br><br>**ORDER** |

　　　　On July 10, 2017, Marquise Jones ("Jones") filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). The Court must screen Jones' motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine Jones' motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Jones] is not entitled to relief."

　　　　On August 23, 2016, the government filed a two-count indictment against Jones, charging him with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and brandishing a firearm during the robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On October 28, 2016, he pleaded guilty to both counts and was sentenced by the Court on April 20, 2017.

　　　　In his petition, Jones challenges his conviction under Section 924(c), arguing that (1) his co-defendant, and not he, brandished the firearm during the robbery, (2) he and his co-defendant could not both be charged

with brandishing the firearm when there was only one firearm used, and (3) his Hobbs Act robbery conviction cannot serve as a predicate for his Section 924(c) conviction. (Docket #1 at 8).¹ The Court will address the claims in reverse order.

Section 924(c) imposes additional penalties on individuals who carry or use firearms in connection with certain crimes. 18 U.S.C. § 924(c). In Jones' case, he was convicted of brandishing a firearm during a "crime of violence," which the statute defines as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the "elements" clause, while the second is known as the "residual" clause.

---

¹Jones challenges his Section 924(c) conviction by way of an ineffective assistance of counsel claim. (Docket #1 at 8). Since he pleaded guilty to the charge, an allegation of ineffective assistance of counsel is one of the few avenues remaining to him to challenge his conviction and sentence. The fact that his arguments about the Section 924(c) charge are posed within the framework of an ineffective-assistance claim has no effect on the outcome here. Because the underlying claims have no merit, Jones' counsel cannot have been ineffective for failing to raise them. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to prove ineffective assistance of counsel, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Ross v. United States*, 339 F.3d 483, 492 (7th Cir. 2003) ("When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route.").

The Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015), found that an identical residual clause in the Armed Career Criminal Act was unconstitutionally vague. The Court later determined that the rule announced in *Johnson* was substantive and should therefore be retroactively applicable to collateral attacks like Jones'. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Jones contends that his Hobbs Act robbery offense under Section 1951(a) only qualifies as a crime of violence which forms a predicate for his Section 924(c) offense under the residual clause of Section 924(c)(3). (Docket #1 at 10–12). Because the Supreme Court declared an identical residual clause unconstitutionally vague, he says, the same reasoning should invalidate Section 924(c)(3)(B). *Id.* That, in turn, requires that his Section 924(c) conviction be vacated. *Id.*

The problem with Jones' claim is not his legal reasoning; that much is sound, since the Seventh Circuit has held that the residual clause of Section 924(c)(3) is indeed unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). But that holding does not help Jones here, because the Seventh Circuit has also held that Hobbs Act robbery constitutes a crime of violence under the elements clause of Section 924(c)(3), since it "[has] as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, 846 F.3d 854, 964–65 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). Thus, Jones' Hobbs Act robbery conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause.

Jones' other, fact-based arguments relating to his Section 924(c) conviction can be quickly disposed of. First, he claims that he is actually

innocent of the charge because it was his co-defendant and not he who brandished the gun. (Docket #1 at 14). He says he should have been charged instead as merely aiding and abetting the gun offense. *Id.* Unfortunately for him, his proposed distinction makes no difference.

Under 18 U.S.C. § 2, a person who aids or abets an offense is punishable to the same extent as a principal. 18 U.S.C. § 2. In other words, even if Jones did not actually hold and brandish the gun, his conviction under Section 2 means that he is just as guilty of brandishing the gun as his co-defendant. *United States v. Scroger*, 98 F.3d 1256, 1262 (10th Cir. 1996) ("It is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory."); *United States v. Newman*, 755 F.3d 543, 545–46 (7th Cir. 2014). Jones does not argue (and has never argued) that he did not participate in the robbery or that he did not know that the gun would be brandished—indeed, he was the owner of the gun in question. *See Rosemond v. United States*, 134 S. Ct. 1240, 1249 (2014). His entire claim is that he did not physically hold the weapon during the robbery, *see* (Docket #1 at 14), but that fact, even if true, is irrelevant.

Likewise, Jones is incorrect that the government had to elect which person—him or his co-defendant—to charge under Section 924(c), (Docket #1 at 14), since Section 2 permits all accomplices to bear equal culpability for their crimes, *see Newman*, 755 F.3d at 547 (accomplices are liable for the whole crime even if it was impossible for each of them to commit each element thereof). Thus, all of Jones' claims for habeas relief are plainly without merit, and his Section 2255 motion must be denied.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Jones must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In light of the well-settled principles governing the disposition of Jones' claims, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Finally, the Court closes with some information about the actions that Jones may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court

cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge