# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARQUISE JONES,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Case No. 17-CV-933-JPS<br>7th Circuit Case No. 17-2612<br><br>**ORDER** |

　　　　On July 14, 2017, the Court screened Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #2). The Court determined that the motion was plainly without merit under applicable Seventh Circuit precedent and therefore entered judgment against Petitioner. (Docket #2, #3). Petitioner filed a notice of appeal on August 9, 2017. (Docket #4). Two weeks later, he filed a motion to waive the appellate filing fee and a motion for leave to appeal without prepayment of that fee. (Docket #9, #10). For the reasons stated below, the Court will deny both motions.

　　　　First, the Court cannot waive the appellate filing fee in its entirety. 28 U.S.C. § 1915(b)(1) mandates that even if a prisoner is granted leave to appeal *in forma pauperis*, he must pay the full amount of the appellate filing fee using the installment method prescribed in the statute. The Court cannot absolve Petitioner of this requirement. *See McDaniel v. Meisner*, No. 14–cv–53–pp, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015); *Lee v Litscher*, No. 01–cv–197–jcs, 2009 WL 2777695, at *1 (W.D. Wis. Aug. 27, 2009).

Second, the Court cannot grant Petitioner leave to proceed on appeal without prepayment of the filing fee. Petitioner, a prisoner proceeding *pro se*, may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

The fact that the Court has already denied Petitioner a certificate of appealability, *see* (Docket #2 at 5), is not fatal to a request to proceed *in forma pauperis* on appeal, since the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding *in forma pauperis* on appeal. *See Walker*, 216 F.3d at 631–32. Thus, an unsuccessful movant for relief under Section 2255 may proceed *in forma pauperis* on appeal even after a district court has denied issuance of a certificate of appealability. *See id.*

While it is possible for a habeas petitioner to warrant *in forma pauperis* status on appeal despite being denied a certificate of appealability, Petitioner has not threaded that needle. Nowhere in his notice of appeal or in his two fee-related motions does Petitioner identify any alleged error this Court committed. Moreover, the Court's order denying his motion reveals that well-settled principles of law foreclose Petitioner's claims for relief. *See* (Docket #2 at 3–4). As a result, the Court has no basis on which to conclude

that his appeal is anything but frivolous, and the Court therefore finds that Petitioner's appeal is not taken in good faith.

Finally, because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Petitioner regarding proceeding before the Seventh Circuit. Petitioner will not be able to proceed on appeal without prepayment of the filing fee unless the Court of Appeals gives him permission to do so. Petitioner has thirty (30) days from the date of this Order to request that the Seventh Circuit review the Court's denial of his request for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Petitioner requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this Order, in addition to the notice of appeal he previously filed. If Petitioner does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Petitioner's motion; instead, it may require Petitioner to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to waive the appellate filing fee (Docket #9) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to appeal without prepayment of the filing fee (Docket #10) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge